IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


TWANA N. HARDY,                                                                            PLAINTIFF

v.                                                              Civil Action No.: 1:09CV245-SA-SAA

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                          DEFENDANT


**REPORT AND RECOMMENDATION**

      The plaintiff Twana N. Hardy seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's denial of her applications for period of disability or disability insurance benefits (DIB) under Section 216(i) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff applied for benefits on April 27, 2006, alleging that she became disabled on June 2, 2005 due to depression, high blood pressure, diabetes, eyesight, bad nerves and limited use of her right arm. Her claim was denied initially and on reconsideration, and she requested an administrative hearing, which was held on February 6, 2009. The ALJ issued an unfavorable decision on March 19, 2009, and plaintiff properly filed a request for review with the Appeals Council. The Appeals Council denied plaintiff's request for review, and the plaintiff timely filed this appeal. The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331.

FACTS

      The plaintiff was born in 1979. She was 26 as of her alleged onset date and 30 years old at the time of the decision. She did not graduate from high school but did earn a GED. (Tr. 174,

49).  Her past relevant work was as an assembly line worker, a cashier in a convenience store, a clerk/cashier/deli cook in a convenience, a nurse's aide and a busser in a casino.  (Tr. 174, 49).

The ALJ determined that the plaintiff suffered from "severe" impairments including depression, decreased range of motion of the right elbow, insulin dependent diabetes mellitus, and decreased visual acuity, but found that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).  (Tr. 13, 21).  The ALJ concluded in her written decision that the plaintiff retains the Residual Functional Capacity (RFC) to perform less than a full range of light work in that

> the range of light work which the claimant can perform is limited by her inability to completely extend her right arm or to fully draw the shoulder to her, and her other limitations including being unable to handle simple instructions or deal with co-workers or supervisors on more than a casual basis.  She is further unable to handle high stress jobs requiring fast-paced work or work requiring visual acuity.

(Tr. 21).  The ALJ relied on the evidence in the record as well as the testimony of a vocational expert (VE) and determined that there existed jobs in the national economy that the plaintiff could perform, including the position of "Cashier II" described in the Dictionary of Occupational Titles ("DOT") at No. 211.462-010 and that of "Ticket Taker" DOT No. 344.667-010.  (Tr. 66-67).  As a consequence, the ALJ found the plaintiff was not disabled under the Social Security Act.  (Tr. 25).

Plaintiff contends on appeal that because the ALJ's hypothetical question to the VE was defective in failing to include the plaintiff's limitation involving visual acuity, her decision is not supported by substantial evidence, and a plaintiff's opportunity to cross-examine a VE does not cure a defective hypothetical question.  Docket 17, p. 1.

STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

Plaintiff contends that the ALJ erred when she did not include in her hypothetical question to the VE her later specific finding that plaintiff is limited to jobs that do not require fine visual acuity, and because she did not, her decision, which relied in part on the VE's opinion testimony, is not supported by substantial evidence. The Commissioner responds that the ALJ did address plaintiff's vision problems in the hypothetical by the following:

> Q   We have an individual who is 29 years old, has a GED, past work has been as described. This individual would be able to work at the light exertional level as described in the Dictionary of Occupational Titles, with further limitations of not being able to completely extend her right arm. And if you are to understand what extension is, that means holding it completely straight. Nor being able to draw it up all the way to her shoulder, but having a decent range of motion in between. By decent I guess I mean at least [INAUDIBLE] of normal range of motion. *Due to her vision impairment she could not engage in jobs which require driving.* In

---

[8]*Muse*, 925 F.2d at 789.

> addition she would be limited to understanding, remember [sic], and carrying out simple instructions. Her interaction with coworkers and supervisors would be of a routine, casual nature. There would not be any ability to handle high stress jobs which have rapidly changing demands or unusually fast-paced [sic]. Would such an individual be able to do any of her past work?
>
> A.   No, Your Honor.

(Tr. 65-66) (emphasis added). The Commissioner contends that this language is sufficient in light of evidence in the record including the plaintiff's testimony that she regularly watched television, her demonstrated ability to read and complete in her own handwriting questionnaires necessary to support her claims for disability, and medical evidence that plaintiff previously wore glasses and that her vision could improve with corrective lenses. (Tr. 15, 22, 56-57, 60-61, 176-87, 188-94). Also, the Commissioner argues, the evidence shows that it is the plaintiff's difficulty with far vision rather than her ability with near visual acuity that limits her vocational ability. Although this argument is not without merit, the plaintiff's RFC as determined by the ALJ did not specifically distinguish between far or near visual limitations, but only that plaintiff cannot perform work which requires "visual acuity." (Tr. 21).

The court cannot state with any degree of certainty the precise nature of the visual limitation which the ALJ intended to convey to the VE except as the transcript reflects it. However, the imprecise parameters of the RFC ultimately found by the ALJ – limiting plaintiff to work that would not require visual acuity – would preclude the work listed by the ALJ in her decision because the jobs of "Cashier II" at DOT Title No. 211.462-010 and that of "Ticket Taker" at DOT Title No. 344.667-010 both require near visual acuity "frequently" during a regular workday. Dept. Of Labor, *Dictionary of Occupational Titles* (4th Ed. 1991). Further,

5

either the VE's testimony directly conflicts with the job title descriptions contained in the DOT, or the hypothetical to the VE does not adequately set out all of plaintiff's limitations as ultimately determined by the ALJ. Either scenario would require remand of this case for additional consideration. *See Bowling v. Shalala*, 36 F.3d 431, 435, 436 (5th Cir.1994) (hypothetical to VE must reasonably incorporate all claimant's disabilities recognized by the ALJ, *and* claimant must be given fair opportunity to correct deficiencies in the hypothetical); *Barrat v. Astrue*, 2008 WL 2325636, *2, n.1 (5th Cir. 2008) (slip op.) (harmless error standard applies in reviewing apparent conflict between DOT and VE testimony; reversal and remand proper only where conflict would cast doubt as to existence of substantial evidence to support ALJ's decision).

"Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders,* 914 F.2d at 617. Courts should strive for "judicial review [that is] deferential without being so obsequious as to be meaningless." *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986). Based on the evidence before it and the deficiency in the ALJ's hypothetical question to the VE, the court is unable to conclude that the Commissioner's decision is supported by substantial evidence. The proper remedy is remand for submission of additional questions to the VE which incorporate all plaintiff's limitations. *Bowling v. Shalala*, 36 F.3d at 435; *see also Dziuk v. Barnhart* 67 Fed. Appx. 248 (5th Cir. 2003). Accordingly the undersigned recommends that the ALJ's decision be remanded for additional consideration in accordance with this report and recommendation.

## RECOMMENDATION

The undersigned finds that the decision of the ALJ was not supported by substantial evidence and recommends that the decision be reversed and remanded for further consideration.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

    Respectfully submitted, this the 16th day of July, 2010.

                                      /s/ S. Allan Alexander
                                  UNITED STATES MAGISTRATE JUDGE